Opinion of the Court by
Judge Mills,
[Absent Chief Justice Bibb.]
These cases are motions on the name of the Commonwealth, by the Auditor of Public Accounts, against the clerks of county courts, for failing to return, in proper time, the bonds taken in their respective counties from the sheriffs, for the collection of the revenue, and as they are both precisely similar, may be considered together.
There was no notice given of these motions to the clerks, but the notices were filed with the clerk of the General Court by the Auditor, a few days before the motions were made, as is the practice with regard to sheriffs who fail to pay the revenue; and it is insisted that the service of notice was necessary, before the court below could render judgments against the clerks, as has been done.
The act of assembly which authorizes the motion, will be found in 2 Litt. L. K. 323; and it provides that ‘‘the clerk of each court, where such (the sheriff's) bond shall be taken, shall transmit an attested copy thereof to the auditor, on or before the first day of July in the same year, and any clerk failing herein, shall forfeit and pay the sum of three hun *13 dred dollars, to be recovered on motion, by the auditor. in the same manner as is directed in other cases where a clerk shall fail to perform the duties injoined on him by this act.”
Statute giving the motion against clerks in cases of revenue collected by them.
Service of notice dispensed with in the revenue cases.
There must be service of notice of a motion against a clerk for failing to transmit a copy of the sheriff’s bond
Eleven years erroneous practice to the contrary, has not changed the law.
Where a defendant has a judgment reversed in this court, for want of notice, he thereby has notice, and shall appear to the case remanded to the circuit court.
*13 The only remaining duties imposed upon clerks by said act, for a failure in the performance of which they are subjected to penalties and proceedings by motion, will be found in the 23d section, and that makes them liable to motion for failing to account for the revenue on process, deeds and seals of office, which may come to their hands; but in this, ten days notice is expressly required, and therefore, such notice was necessary in these motions, unless some subsequent act can be found, dispensing with it.
We have found acts dispensing with notice in cases of sheriffs failing to account for the revenue, and also one in the 2d Vol. Dig. L. K. 1088, expressly dispensing with notice to clerks for failing to pay up the revenue in their hands.
But this does not of course dispense with notice in cases of their failure to return officer’s bonds for the faithful collection of the revenue, and without an express dispensation, we are indisposed to grant it by construction We have been able to find no other act which cuts off the necessity of notice, and the Attorney General has candidly admitted that he has not been able, in his researches, to find any.
It has been said in argument that the practice of proceeding without notice, has prevailed for the last eleven years. But this practice of the ministerial officers under a mistake of the law, for that length of time, ought not to be considered as making or settling the law to be, that courts ought to adjudicate upon the rights of individuals and a nerce them in large sums, without giving them a notice thereof; and consequently these judgments cannot be sustained.
We would not be understood as saying that these proceedings must be utterly quashed, and notices be now given, to authorize the auditor to proceed further. For we conceive that the notice of these judg *14 ments, which the plaintiffs in error have now had, by prosecuting these writs of error, is sufficient, to enable them to appear and make any defence which they may have in the court below, on the return of the mandate of this court. Each of these judgments must therefore be reversed and set aside, and each of the causes be remanded for new proceedings not inconsistent with this opinion.
Triplett, for plaintiffs; Denny, Attorney General for defendant.